IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Denise Cross | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Midland Credit Management, Inc. | ) | |
| 2365 Northside Drive, Suite 300 | ) | |
| San Diego, CA 92108 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Denise Cross, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Midland Credit Management, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)).

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff, Denise Cross (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
8. Plaintiff is a resident of the State of Illinois.
9. Defendant, Midland Credit Management, Inc.. ("Defendant"), is a California business entity with an address of 2365 Northside Drive, Suite 300, San Diego, CA 92108 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
10. Unless otherwise stated herein, the term "Defendant" shall refer to Midland Credit Management, Inc..
11. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

12. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
13. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

## ALLEGATIONS

14. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3602.73 (the "Debt") to an original creditor

(the "Creditor")

15. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
16. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
17. On October 11, 2019, Defendant mailed a dunning letter to Plaintiff a collection letter. See Exhibit A.
18. Plaintiff received said letter on or about October 16, 2019.
19. Said letter stated ""LET US HELP YOU! If the account goes to an attorney, our flexible options may no longer be available to you. There is still an opportunity to set up a payment plan and avoid the hassle and inconvenience of the legal process. Please call us today: **877-798-7851.**
20. Plaintiff would believe, and the unsophisticated consumer would believe, that Defendant was threatening to no longer allow settlement or payment for an amount less than the full balance once the account is forwarded to an attorney.
21. In fact, Defendant routinely offers flexible payment options after forwarding an account to an attorney.
22. It is the practice and pattern of Defendant to always offer flexible payment options, even once a lawsuit has been commenced.
23. In fact, Defendant has the ability to grant the same flexible payment plans as it would before it sent to an attorney.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
25. The Defendants' conduct violated 15 U.S.C. Section 1692e in that it is threatening to take action that it can not legally take.
26. The Defendant's conduct is violating 15 U.S.C. Section 1692e in

presenting an outcome to the Plaintiff that can not legally come to pass.

27. Plaintiff is entitled to damages as a result of Defendants' violations.
28. 15 U.S.C. Section 1692e states as follows:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

….(5) the threat to take any action that cannot legally be taken or that is not intended to be taken…

29. Defendant threatened an action that it did not intend to take, in violation of 15 U.S.C. Section 1692e(5), when it stated to Plaintiff that once her account was forwarded to an attorney, flexible payment options may no longer be available.

## JURY DEMAND

30. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

31. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff